IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>PORTIA BONNER        )<br>_____) | Cr. No. 07-69 (PLF) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Portia Bonner, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Bonner respectfully asks the Court to sentence her to probation.

**BACKGROUND**

On March 16, 2007, the government filed a one-count Information against Ms. Bonner, charging her with Theft of Public Money, in violation of 18 U.S.C. § 641. On April 11, 2007, Ms. Bonner pled guilty to the Information in accordance with a written plea agreement. Ms. Bonner is scheduled to be sentenced before this Court on June 26, 2007, at 9:00 a.m.

**DISCUSSION**

**I.    THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations

1

and ranges for sentencing purposes, the remedial majority in <u>Booker</u> held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to <u>Booker,</u> therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in <u>Booker</u>–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

II.   **UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. BONNER SHOULD RECEIVE A SENTENCE OF PROBATION**

    A.   **Statutory Provisions**

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 10 years.

    B.   **Advisory Sentencing Guidelines**

    (I).   *Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the total offense level in this case is 10 and that Ms. Bonner's criminal history category is I, resulting in an advisory Guideline range of 6-12 months. This advisory sentence falls in Zone B of the advisory Guidelines, which means that Ms. Bonner is eligible for probation.

### C. Section 3553 Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Ms. Bonner in no way wishes to diminish the seriousness of the offense, she notes that it is neither a crime of violence nor a controlled substance offense. She submits that the nature of this offense does not warrant a sentence of incarceration, for the Federal Sentencing Scheme indicates that in sentencing, Courts should consider as a governing rationale "the general appropriateness of imposing a sentence <u>other than</u> imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense." Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme).

*II. Characteristics of the Defendant*

Portia Bonner is a 30 year old single mother of two. She had her first child, Jaevon, when she was only 19 years old. She receives child support from Jaevon's father, but he only sees his son about once a month. Portia recently gave birth to another son, Skyler, who is eight months old. Skyler's father does not pay child support and contributes only minimally to the financial costs associated with raising his son. Because of her meager financial circumstances, Portia lives with her parents in Clinton, Maryland.

Though Portia's parents have been supportive and helpful, her brother, who also resides with her parents, has created an unstable and sometimes dangerous living environment. See PSR ¶ 33. Portia has struggled emotionally with her brother for her entire life, feeling that he is mean spirited and, at times, threatening. When the offense conduct in this case occurred, Portia was going through a particularly dark period with respect to her brother, as she felt he was a bad influence on her older son. She was desperate to get away from him, but her parents were unwilling to ask him to leave. This is a large part of what motivated her to take money from work. She was able to move out of her parents house and get her own place from 2003-2004, effectively getting away from her brother and lessening the effect he had on Jaevon. When she could no longer afford a place on her own, she moved back in with her parents. Dealing with her brother has been an obstacle Portia has faced for her entire life, and though it does not excuse the offense conduct, perhaps it puts into context her actions.

Despite her precarious financial and living situations, Portia is a kind and supportive woman and has taken steps to provide for herself and her family. She earned her high school diploma in 1994 and enrolled at Prince George's Community College the following year. She

discontinued her studies due to her pregnancy, but she again attempted to acquire professional skills in 1996 at a Computer Learning Center. Up until she went on maternity leave in March 2006, she has always been gainfully employed and her employers have never reported any problems with her performance. She is certainly someone who understands that she would like to get ahead and has done her best to juggle her family with her work in order to create stability in her home. She is currently actively seeking employment and expects to begin working as soon as one of her job prospects comes to fruition.

### III. Appropriate Sentence

In a case like this, it is helpful (albeit surprising) to turn to the words of United States Attorney Jeffrey Taylor, who, upon commenting to the Washington Post on the mis-steps of an attorney he hired, stated: "Sure, he's made some mistakes in judgment. For gosh sakes, everybody deserves a second chance." Carol Leonnig, *Hiring Process Was Bypassed for Prosecutor*, WASH. POST, May 8, 2007, at A4. We wholeheartedly agree. Ms. Bonner is someone who also deserves a second chance.

In this case, a sentence of probation is appropriate. First, because Ms. Bonner's advisory guideline range is in Zone B, this is a sentence that comports with the advisory guidelines. Second, Ms. Bonner has made this process extremely easy for all parties involved by accepting responsibility early, waiving her right to an indictment, declining to file any motions, and fully cooperating with the government and the probation office. Third, Ms. Bonner is in the lowest possible criminal history category.[1] Fourth, the primary means by which Ms. Bonner can attempt

---

[1] Though the PSR reflects an arrest when Ms. Bonner was only 25 years old, the probation officer noticeably failed to include the circumstances of the incident, which were no more than a bounced check. Ms. Bonner immediately paid the funds and her case was dismissed

to remedy this situation is to pay back the money that she took. The only way for her to do this is to allow her to be out of jail, working, making monthly payments. It will be more useful to the victims to begin receiving restitution, and it will be less burdensome on the public not to have to pay to incarcerate someone who would otherwise be able to contribute positively to society. Finally, and most importantly, Ms. Bonner is a single mother with two children, one of whom is still an infant. She is their primary caretaker and they depend on her for support, both emotionally and financially. Her oldest son, Jaevon, maintains a 4.0 GPA and has thus far exhibited no behavioral problems. A sentence of prison for Ms. Bonner could potentially negatively affect Jaevon's successes and would certainly disrupt the life of her baby.

## CONCLUSION

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Ms. Bonner asks the Court to sentence her to probation. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____"/s/"_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ext.126